IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | 8:20-CR-269 |
| vs. | ADOPTION OF MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION |
| ROBERT G. MANN, | |
| Defendant. | |

This matter is before the Court on the Magistrate Judge's Findings and Recommendation (Filing 31) recommending that the Court accept Defendant's plea of guilty. There are no objections to the findings and recommendation. Nonetheless, the Court declines to adopt the findings and recommendation at this time.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and NECrimR 11.2(d), the Court has conducted a de novo review of the record. Defendant is pleading guilty to Count I of the Indictment which alleges he violated 18 U.S.C. § 2252(a)(2). See Filing 1. On December 7, 2018, the Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018 ("AVAA"), Pub. L. 115-299, 132 Stat. 4383-87, was enacted into law and subsequently codified, as is relevant here, at 18 U.S.C. § 2259A. Subsection (a)(2) requires a special assessment of "not more than $35,000" which applies to all offenses for trafficking in child pornography except for § 2252(a)(4) offenses, § 2252(a)(5) offenses, and production offenses. See 18 U.S.C. § 2259A(a). Thus, Defendant is subject to this $35,000 special assessment.[1] However, he was never advised of this assessment.

---

[1] 18 U.S.C. § 2259B(d) states that "individuals who violate this chapter prior to the date of the enactment of the [AVAA], but who are sentenced after such date, shall be subject to the statutory scheme that was in effect at the time the offenses were committed." While some of Defendant's conduct occurred "between on or about July 3, 2017," prior to the AVAA's enactment, some of Defendant's conduct occurred "on or about March 2, 2020," after the AVAA was enacted. See Filing 1 at 1 (indictment alleging the dates of the conduct in Count I; Filing 35 at 2 (plea agreement's factual basis including the same dates). Thus, due to the later date, Defendant violated § 2259(a)(2) after enactment of the AVAA and is subject to the $35,000 special assessment.

It is the Court's intent to further inquire into this matter at the sentencing hearing. At that time, the Court will inform Defendant of the additional special assessment he faces and decide whether his plea of guilty should be accepted. If the Court accepts Defendant's plea of guilty, this matter will proceed directly to sentencing. Counsel should be prepared to address the AVAA assessment in the Plea Agreement and Petition via interlineation immediately prior to the sentencing hearing.

IT IS ORDERED:

1. The Magistrate Judge's Findings and Recommendation ([Filing 31](Filing 31)) is held in abeyance;
2. This matter will be addressed at the sentencing hearing; and
3. This case shall provisionally proceed to sentencing.

Dated this 2nd day of June, 2021.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge